UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELLEY KOSEN, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN EXPRESS FINANCIAL )<br>ADVISORS, INC. ("AEFA"), IDS )<br>FINANCIAL SERVICES, INC., )<br>AMERICAN EXPRESS FINANCIAL )<br>CORPORATION and AMERICAN )<br>EXPRESS COMPANY, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:02CV00082(HHK)<br><br>CLASS ACTION |

## DEFENDANTS' UNOPPOSED MOTION FOR
## MODIFICATION OF CONSENT DECREE

Defendants, by their undersigned counsel, hereby move the Court for an order granting modification of the Consent Decree in the above-captioned action as provided in the proposed Order.

This motion is based on the pleadings and records herein, and upon the accompanying memorandum of law which are incorporated herein by reference. A Proposed Order is attached.

DATED: October 2, 2002

Respectfully submitted,

*Ralph A. Taylor* by *Michelle Grant*

Ralph A. Taylor, Jr. (DC Bar #225219)
Dorsey & Whitney, LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
(202) 442-3000
(202) 442-3199 - Fax
taylor.ralph@dorseylaw.com


Janice M. Symchych (pro hac vice)
Edward B. Magarian (pro hac vice)
Dorsey & Whitney, LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Counsel for Defendants
American Express Financial Advisors, Inc.
IDS Financial Services, Inc.
IDS Life Insurance, Inc.
American Express Financial Corporation
American Express Company

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 2nd day of October, 2002, caused a copy of the foregoing "Defendants' Unopposed Motion for Modification of Consent Decree" to be served by United States mail, first-class postage prepaid, upon the following:

    Mara R. Thompson, Esq.
    SPRENGER & LANG, PLLC
    325 Ridgewood Avenue
    Minneapolis, MN 55403
    Telephone: (612) 871-8910
    Facsimile: (612) 871-9270

    Michael D. Lieder, Esq.
    SPRENGER & LANG, PLLC
    1614 Twentieth Street, N.W.
    Washington, D.C. 20009
    Telephone: (202) 265-8010
    Facsimile: (202) 332-6652

    Maurice W. O'Brien, Esq.
    Nancy J. Miller
    MILLER-O'BRIEN, PLLP
    12 South Sixth Street, Suite 1208
    Minneapolis, MN 55402-1529
    Telephone: (612) 333-5831
    Facsimile: (612) 342-2613

    Attorneys for Plaintiffs Shelly Kosen, et al.

*Linda Skwiera*
Linda Skwiera

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELLEY KOSEN, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AMERICAN EXPRESS FINANCIAL )<br>ADVISORS, INC. ("AEFA"), IDS )<br>FINANCIAL SERVICES, INC., )<br>AMERICAN EXPRESS FINANCIAL )<br>CORPORATION and AMERICAN )<br>EXPRESS COMPANY, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:02CV00082(HHK)<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' UNOPPOSED MOTION FOR
<u>MODIFICATION OF CONSENT DECREE</u>**

### I.  **<u>INTRODUCTION</u>**

When AEFA settled this class action lawsuit, a portion of the $4,000,000.00 it paid was set aside to fund a Business Development Fund ("BDF") to benefit its female advisors. The amount in the BDF as of October 1, 2002, is $2,667,660.35[1] The Consent Decree currently provides that in order to be eligible for the BDF, Damages Class Members who submit claims forms must be current financial advisors at the time the business development expense is incurred <u>and</u> have been employed or otherwise affiliated with AEFA for no longer than seven

---

[1] The $2,667,630.35 figure is $4,000,000 (the initial payment) minus attorney's fees and costs approved by this court plus interest and accrued earnings.

years.[2] See Consent Decree at Section V.E.1. The seven-year restriction, which is the subject of this motion, was included in the Consent Decree at AEFA's insistence, and over Class Counsel's initial objections. AEFA proposed this seven-year limitation in part because Plaintiffs alleged there were over 3,500 potential claimants, and AEFA wanted to ensure that the amounts available to be distributed for business development purposes would be meaningful. Class Counsel ultimately consented to AEFA's proposed limitation, which was included as part of the Consent Decree.

However, AEFA did not foresee that only about one-third of the total number of potential claimants would actually file a claim. What was even less foreseeable is that less than half of the persons filing claims would be current advisors, and only a little more than half of those would have been employed by or otherwise affiliated with AEFA for seven years or less. See Decl. of Mara Thompson, submitted with Class Counsel's Mem. in Supp. of Unopposed Mot. for Approval of Per Capita Allocation Formula for Distribution of the BDF ("Thompson Decl."), ¶¶ 5, 6. As a result, if the seven-year restriction is not removed, only approximately 7% of the potential class members will be allowed to participate in this fund. AEFA's intent in proposing the BDF was to make available additional money to help a large number of female advisors with their business development activities. It certainly was not AEFA's intent (nor presumably Class Counsel's) to limit the distribution from that fund to such a limited group of female financial advisors. Class Counsel has informed AEFA that it will not oppose this motion.

AEFA, therefore, respectfully asks this Court to modify the Consent Decree to open up eligibility for the BDF to all claimants who are current female financial advisors at AEFA, regardless of tenure. This would remove the requirement that in order to receive funds from the BDF, the claimant must have been employed by or otherwise affiliated with AEFA as a financial

---

[2] AEFA understands this time restriction to include persons up through a full seven years (i.e., less than 8 years).

advisor for seven years or less. Thus, the only requirement will be that the claimant be a current financial advisor.

## II. ARGUMENT

### A. Standard for Modification

This Court has broad authority to modify the Consent Decree. See Feeling v. Kelly, 152 F.R.D. 670, 673 (D. D.C. 1994) (It is "well settled that trial court has broad discretion in administering consent decrees"); Earth Island Inst. v. S. Cal. Edison, 166 F. Supp. 2d 1304, 1309 (S.D. Cal. 2001) ("Court's power to modify the Consent Decree is denied from principles of equity and exists independent from any express authorization within the Decree or the parties' request"). Authority to modify a consent decree stems from Federal Rule of Civil Procedure 60(b). See Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367, 378 (1992) (holding that the Rule 60(b) standard for modifying judgments applies to consent decrees); Pigford v. Veneman, 292 F.3d 918 (D.C. Cir. 2002) (applying Rufo to a consent decree in a class action involving claims of discrimination). Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment..."

Fed. R. Civ. P. 60(b). Moreover, the Consent Decree itself has a provision allowing for the Court's modification. See Consent Decree at Section X.

A consent decree may be modified if (1) the moving party can show either a change in fact or law warranting modification and (2) the modification is suitably tailored to the changed

3

circumstance. See Rufo, 502 U.S. at 391. Modification of the decree is particularly important where, as here, " a better appreciation of the facts in light of experience indicates that the decree is not properly adapted to accomplishing its purposes." Thermos Co. v. Aladdin Indus., 418 F.2d 31, 35 (2d Cir. 1969).

**B.     The Court Should Modify the Consent Decree to Open Up BDF Eligibility to All Current Female Financial Advisors at AEFA, Regardless of Tenure.**

In order to be eligible for distributions from the BDF, the Consent Decree requires (1) that the financial advisor seeking reimbursement of a business development expense must be a current financial advisor at the time the expense was incurred and at the time of reimbursement; (2) that she must have been a financial advisor for no more than seven years at the time the expense was incurred, and (3) that the financial advisor must have filed a claim form in the Claims Process for a distribution from the Claims Portion of the Settlement Fund. Given the small number of eligible claimants caused in part by the time limitation, that seven-year restriction should be removed from the Consent Decree in order to increase participation in the BDF.

Of the 1,085 claim forms filed, 505 of them were filed by women who are currently working for or affiliated with AEFA as financial advisors.[3] Only 264 of the women who filed claim forms are current financial advisors with AEFA and have been for seven or fewer years. Thompson Decl. at ¶ 5.

The purpose of the BDF in the first place was to assist female financial advisors in developing their practices. During the negotiations of the Consent Decree, the parties believed

---

[3] Of these 505 women, 28 did not postmark their claim forms by the deadline of June 14, 2002. Ten of these 28 late claimants have more than seven years of tenure. The remaining 18 of these 29 late claimants have seven years of tenure or less. See Thompson Decl. at ¶ 8. These claims were untimely. If, and when Class Counsel seeks approval of these 28 claim forms, AEFA reserves the right to respond by demonstrating that the untimely claims cannot be a product of excusable neglect.

4

that limiting participation in the BDF to women who had seven or fewer years of tenure would result in a more fair distribution and allocation and would assist those advisors most in need of developing their practices – those that were not already set up or secure. However, the parties' projections were based on an assumption that a larger proportion of the claimants would be current financial advisors. The numbers of current financial advisors with fewer than seven years of tenure is smaller than anyone projected it would be.

The projected allocations are also more reasonable if BDF participation is opened up to any female financial advisor claimant who is a current advisor, without restriction for tenure. For example, on a per capita allocation (which Class Counsel recommends, see below), with only 245 participants, each BDF claimant will be allocated $10,843.67 for business development expenses.

If, on the other hand, participation in the BDF is opened up to all current female financial advisors with AEFA, 504 women will share in it. Using a per capita allocation, each of these BDF claimants will be allocated $5,282.26, a much more reasonable figure to spend. Allocating slightly more than $5,000 to each of 259 additional women will further the purposes of the Consent Decree and the BDF because it will provide these women with opportunities to expand and develop their practices that they wouldn't otherwise have had.

Since the purpose of the BDF was to assist female financial advisors in developing their practices and the purpose of the Consent Decree was to eliminate sexual discrimination and open up opportunities for female financial advisors throughout AEFA, opening up participation to all current female financial advisors does not detract from these goals. The Court should amend Section V.E.1. of the Consent Decree to state as follows:

> The parties agree that $4 million of the $31 million Settlement Fund, plus proportionate interest and earnings, shall be designated as the "Business

Development Portion" to be distributed to Damages Class Members who submit Claim Forms and are current Financial Advisors at the time the business development expense is incurred ("Eligible Business Development Claimants"). No business development expense incurred prior to the Effective Date shall be reimbursable by the Business Development Portion. The Business Development Portion is subject to attorneys' fees and costs in the same proportion as the remaining $27 million of the total Settlement Fund. The Administrators shall recommend how much each Eligible Business Development Claimant initially will be allocated, pursuant to an allocation formula to be provided to AEFA and approved by the Court. The administrators shall notify each eligible Business Development Claimant of her business development allocation, provide her a Business Development Claim Form and an explanation of the Business Development Claim process. The Eligible Business Development Claimants shall use their allocated awards for the purposes of business development, client entertainment, other marketing, training or education. Such awards are to be in addition to all other funds made available generally to Financial Advisors for marketing or business development purposes.

This modification is both justified by a change in fact that neither of the parties anticipated and is suitably tailored. Furthermore, Class Counsel does not oppose the modification. Due to the unanticipated changes in fact, based upon claims submitted, the modification better achieves the purpose of the original consent decree. Accordingly, the Court should grant AEFA's proposed modification. See, e.g., Earth Island Inst., 166 F. Supp. 2d 1304 (S.D. Cal. 2001) (granting parties' joint motion for modification where modification better achieved purpose of original consent decree because funds remained untapped).

### III. CONCLUSION

AEFA hereby respectfully requests that this Court order that the Consent Decree be modified to open up eligibility for the Business Development Fund to all current female financial advisors at AEFA who submitted a damages claim, regardless of tenure.

DATED: October 2, 2002

Respectfully submitted,

*Ralph A. Taylor, by Michelle Strut*
Ralph A. Taylor, Jr. (DC Bar #225219)
Dorsey & Whitney, LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
(202) 442-3000
(202) 442-3199 - Fax
taylor.ralph@dorseylaw.com

Janice M. Symchych (pro hac vice)
Edward B. Magarian (pro hac vice)
Dorsey & Whitney, LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Counsel for Defendants
American Express Financial Advisors, Inc.
IDS Financial Services, Inc.
IDS Life Insurance, Inc.
American Express Financial Corporation
American Express Company

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 2nd day of October, 2002, caused a copy of the foregoing "Memorandum in Support of Defendants' Motion for Modification of Consent Decree" to be served by United States mail, first-class postage prepaid, upon the following:

> Mara R. Thompson, Esq.
> SPRENGER & LANG, PLLC
> 325 Ridgewood Avenue
> Minneapolis, MN 55403
> Telephone: (612) 871-8910
> Facsimile: (612) 871-9270
>
> Michael D. Lieder, Esq.
> SPRENGER & LANG, PLLC
> 1614 Twentieth Street, N.W.
> Washington, D.C. 20009
> Telephone: (202) 265-8010
> Facsimile: (202) 332-6652
>
> Maurice W. O'Brien, Esq.
> Nancy J. Miller
> MILLER-O'BRIEN, PLLP
> 12 South Sixth Street, Suite 1208
> Minneapolis, MN 55402-1529
> Telephone: (612) 333-5831
> Facsimile: (612) 342-2613

Attorneys for Plaintiffs Shelly Kosen, et al.

*Linda Skwiera*
Linda Skwiera