UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHELLEY KOSEN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:02CV00082(HHK) |
| ) | |
| AMERICAN EXPRESS FINANCIAL ) | CLASS ACTION |
| ADVISORS, INC. ("AEFA"), IDS ) | |
| FINANCIAL SERVICES, INC., ) | |
| AMERICAN EXPRESS FINANCIAL ) | |
| CORPORATION and AMERICAN ) | |
| EXPRESS COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER
(1) APPROVING THE POINT SYSTEM
FOR ALLOCATING THE CLAIMS PORTION
OF THE SETTLEMENT FUND,
(2) ACCEPTING CERTAIN LATE CLAIM FORMS,
(3) APPROVING PROPOSED DISTRIBUTION
FROM CLAIMS PORTION OF SETTLEMENT FUND, AND
(4) APPROVING APPORTIONMENT OF AWARDS.

Class Counsel's combined motions for:

(1) An Order approving Class Counsel's proposed point system for allocating the Claims Portion of the Settlement Fund;

(2) An Order accepting 56 late claim forms from claimants who have each provided reasons constituting "excusable neglect" for their failure to postmark their claim forms by the June 14, 2002 deadline and 25 claimants whose claims lack postmarks but whose claims were received on or before July 8, 2002;

(3) An Order approving Class Counsel's proposed distribution from the Claims Portion of the Settlement Fund based on the proposed point allocation system; and

(4) An Order approving the allocation of each claimant's award into three damage components: 56% backpay, 33% compensatory damages and 11% pre-judgment interest

came on before this court based on the written submissions of the parties. Based upon the parties' submissions, as well as the record of this case,

**v.   IT IS HEREBY ORDERED that**

(1)     The proposed point system for allocating the Claims Portion of the Settlement Fund is APPROVED as indicated on Exhibits A and A-1, attached to Class Counsel's combined motions and incorporated herein by reference

(2)     The fifty-six late claims itemized on Exhibit B, attached to Class Counsel's combined motions and incorporated herein by reference, are hereby ACCEPTED as the reasons each claimant provided for failing to meet the June 14, 2002 postmark deadline constitute excusable neglect.  The ten late claims itemized on Exhibit C, attached to Class Counsel's combined motions,, and incorporated herein by reference, are hereby DECLINED as the reasons each claimant provided for failing to meet the June 14, 2002 postmark deadline, if any, do not constitute excusable neglect.  The 25 claimants itemized on Exhibit D, attached to Class Counsel's combined motions and incorporated herein by reference, are hereby ACCEPTED as their claim forms were each received within three weeks of the mailing deadline of June 14, 2002.

(3)     The claimants itemized on Exhibit E, attached to Class Counsel's combined motions, and incorporated herein by reference, are hereby declared INELIGIBLE.

(4)     Class Counsel's proposed distribution from the Claims Portion of the Settlement Fund based on the proposed point allocation system  is hereby APPROVED, as indicated on Exhibit F  attached to Class Counsel's combined motions and incorporated herein by reference.

(5)     Class Counsel's proposed allocation of each claimant's award into three damage components: 56% backpay, 33% compensatory damages and 11% pre-judgment interest is hereby APPROVED.

In order to protect the confidentiality of claimant identities and each claimant's point allocation and award, all exhibits referenced in this Order are redacted and contain no identifying information relative to any claimant.  All claimants are indicated solely by reference numbers.


Dated: November 30, 2002

Henry H. Kennedy, Jr.
United States District Judge