*For Court Filing with Redacted Home Address*

Civil Action No. 1:02CV00082 KBJ 1

## IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KOSEN ET AL.,

PLAINTIFFS

V

American Express Financial Advisors, Inc.

("AEFA"), IDS                              Civil Action No. 1:02CV00082KBJ (KBJ)

Financial Services, Inc., American Express

Financial Corporation and American Express Company

### MOTION TO REOPEN

Plaintiff, Susan Seltzer, moves this Court for an Order reopening the above-styled action and in support thereof states:

1. On January 17, 2012, this Court entered a Consent Decree that was a final judgment with respect to all matters in the Complaint. Accordingly, the case was closed administratively in the Clerk's Office in 2006.

2. This Court's Consent Decree specifically stated in paragraph B, Page 12 of the Consent Decree, that the Court has jurisdiction of this action. For the purposes of this settlement class, this venue is proper.

3. D. Page 8 "<u>Decree Binding</u>. This Decree shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, dependents, executors, administrators, trustees, legal representatives, personal representatives, agents, successors and assigns;"

4. While the Consent Decree had not yet expired, on January 23, 2004, AEFA and "Counsel" violated Federal Civil Rule Procedure 5 and filed a Motion (Docket 35) without



Civil Action No. 1:02CV00082 KBJ 2

service to Plaintiff Seltzer and misled the Court through filing an Opposition to Motion, <u>on behalf of Plaintiff Seltzer,</u> that was never served on Plaintiff Seltzer. The Court improperly enjoined an Arbitration based on this improper filing by "Counsel", without permitting Seltzer her right to "be heard" and the ability to file an "Opposition to Motion" 35.

5. The statute of limitations for such Motion practice violation of FCRP 5 is one year from date of discovery, based on fraudulent concealment or May 11, 2021. Such motion filing without service to Plaintiff Seltzer resulted in violation of rights to due process, the right to "be heard" and resultant improper enjoinment by court (Docket 40) of enjoinment of NASD 03-02699. The improper enjoinment resulting in Plaintiff Seltzer's inability to obtain employment from 2004 to present and loss of all income and benefits because of such failure to serve Motion 35 and permit a response and proper stay provided in accordance with FAA of NASD 03-02699.

6. Certain Terms of the Decree are binding; The issue is before the Court since a Party to the case, Dorsey & Whitney, violated Terms of the Decree, *VIII, Confidentiality* and *IX. Disparagement* by using confidential information from <u>Kosen et al</u> to defame Plaintiff Seltzer in another proceeding, causing additional injury, after 16 years. In 2018, Dorsey & Whitney subpoenaed documents from NASD 03-02699, (improperly enjoined without service to Seltzer) <u>Kosen et al</u> Settlement Amount and EEOC Compliant, filed in violation of Federal law, for use in defense for another Client in FINRA Arbitration 17-01857. Defamation from <u>Kosen et al</u>, never served on Seltzer, and unredacted social security numbers and EEOC Complaint, were then repeatedly published and re-published in February 2021, with new defamation (FINRA Arbitration 17-01857), linked to Plaintiff Seltzer's name in a Google Search, on the same page.

7. Plaintiff Seltzer discovered the injury and harm on August 16, 2020. Seltzer discovered the failure to serve Motion 35 on May 11, 2021, that resulted in Seltzer's inability to gain

Civil Action No. 1:02CV00082 KBJ 3

employment from improper enjoinment of NASD 03-02699 by the Court in the Order in Docket 40, which was based on "Counsel" improper representations to the Court.

*VIII. Confidentiality Terms* of the Consent Decree are ongoing and legally binding. *IX. The Publicity Terms* of the Consent Decree are legally binding and ongoing.[1] "The Parties shall not publicly disparage each other or make inflammatory comments."

Plaintiff is filing contemporaneously herewith a Motion for Contempt in which it alleges that the Defendants are in willful and deliberate violation of Plaintiff's rights and the injunction entered by the Court in the Consent Decree of January 17, 2002.

WHEREFORE, Plaintiff prays that this Court enter an Order reopening the civil case to allow for the adjudication of the issues raised in Plaintiff's Motion for Contempt and Sanctions and accompanying Memorandum of Support of Points and Authorities.

Respectfully submitted.

/s _____ on this 30th day of July 2021

Susan Seltzer

Plaintiff, Kosen et al

Pro Se

---

[1] H. All parties to this Decree acknowledge that this Decree is final and binding in all respects.